# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **JOHN CHRISTOPHER COVEY,** | } | |
| Plaintiff, | } | |
| v. | } | **Case No.: 2:18-CV-01121-RDP** |
| **COLONIAL PIPELINE COMPANY, et al.,** | } | |
| Defendants. | } | |
| | | |
| **HUGH GERALD DELAUGHDER, JR., et al.,** | } | |
| Plaintiffs, | } | |
| v. | } | **Case No.: 2:19-CV-923-RDP** |
| **COLONIAL PIPELINE COMPANY, et al.,** | } | |
| Defendants. | } | |
| | | |
| **BEVERLY KAY WILLINGHAM, Individually and as Administratrix of the Estate of ANTHONY LEE WILLINGHAM, deceased,** | } | |
| Plaintiffs, | } | |
| v. | } | **Case No.: 2:19-CV-01507-RDP** |
| **COLONIAL PIPELINE COMPANY, et al.,** | } | |
| Defendants. | } | |

## **ORDER**

This case is before the court on Defendant L.E. Bell Construction Company, Inc. ("L.E. Bell")'s Amended Motion to Disqualify Counsel and for Related Sanctions. (Doc. # 116-1). After

careful review, and for the reasons stated in the contemporaneously entered memorandum opinion, the Motion (Doc. # 116-1) is **GRANTED IN PART, DENIED IN PART**. The court **ORDERS** as follows:

(1) The parties to this suit, other than L.E. Bell and its counsel, **SHALL NOT** contact Barker concerning these matters.

(2) Cochran **SHALL** turn over to the court all documents received from, concerning, or related to Barker and not retain any copies of those documents.

(3) Cochran **SHALL NOT** discuss with anyone the contents of her conversations with Barker until the conclusion of this litigation.

(4) The parties to this suit **SHALL NOT** call Barker as a witness, except upon motion and for good cause shown.

Furthermore, the court **PRELIMINARILY CONCLUDES** that L.E. Bell is entitled to recover some but not all of the reasonable fees and costs it incurred related to this Amended Motion to Disqualify Counsel and for Related Sanctions (Doc. # 116-1) and any earlier filings on the same issue. The parties are **FURTHER ORDERED** to meet, confer, and submit to the court a joint report **on or before February 11, 2021**, detailing whether they can agree about the payment of reasonable fees and costs incurred by L.E. Bell.[1] If the parties cannot resolve this issue, the court will refer the matter to a magistrate judge.

**DONE** and **ORDERED** this January 22, 2021.

R. DAVID PROCTOR
UNITED STATES DISTRICT JUDGE

---

[1] As the parties discuss which fees and costs are reasonable, the court encourages the parties to keep in mind: (1) there are findings of violations, (2) the court cautioned L.E. Bell that, after Barker was deposed, any future motion to disqualify was based on dubious merit; (3) these proceedings have turned into a mini-trial lasting over a year; and (4) L.E. Bell proved only part of its allegations set forth in its Motion.